THE PEOPLE, RESPONDENTS, v. JAMES FREEMAN, APPELLANT.

CRIMINAL LAW—DESCRIPTION OT PROPERTY—INDICTMENT.—The common and ordinary acceptation of property is to govern in its description; the description must be such as will enable a jury to say whether the chattel proved to have been stolen is the same as that charged in the indictment.

SPECIMENS DEFINED.—"Specimens of gold and silver ores," in common and ordinary acceptation, means pieces and samples of such ores severed from the ledges.

INDICTMENT.—An indictment charging the property stolen as "a quantity of specimens of gold and silver ores of one hundred and fifty pounds in weight," is sufficient.

APPEAL from the district court of the third judicial district, Owyhee county.

*Martin & Miller*, for the appellant.

*A. Heed and L. P. Higbee*, for the respondents.

Opinion by LEWIS, J.; NOGGLE, C. J., concurring.

At the June term, 1869, of the district court for Owyhee county, the defendant was indicted and convicted of grand larceny. He interposed his demurrer to the indictment, which was overruled, and for that reason moved in arrest of judgment, which was also overruled. The only question presented to this court is the sufficiency of the indictment. The defendant insists that the indictment is not sufficient, for several causes, but two of which are urged here, and which we will proceed to notice. It is claimed that the indictment is insufficient for want of a sufficient description of the property stolen; that the facts stated do not constitute a criminal offense under the laws of Idaho.

The indictment charges, "that the said James Freeman, on the fifteenth day of June, A. D. 1869, at the county of Owyhee, in the territory of Idaho, a quantity of specimens of gold and silver ores, of one hundred and fifty pounds in weight, of the value of five hundred dollars, the property of George W. Grayson, then and there being found, feloniously did steal, take, and carry away, contrary," etc.

As to the description of the property, the rule is laid down in Whart. Crim. L., sec. 355, as follows:

"The common and ordinary acceptation of property is to govern its description, and the certainty must be to a common intent; that is, such as will enable a jury to say whether the chattel proved to be stolen is the same as that upon which the indictment is founded." The following descriptions have been held sufficient: "Two pair of boots," "three head of cattle," "one hide," "one ham," "a parcel of oats." Applying the above rule of construction, we are fully satisfied that the property is sufficiently described in this case.

The objection is strongly urged, that the facts charged do not constitute a public offense, for the reason that the property described savors of the realty, and hence is not the subject of larceny. And in support of this, counsel cite *The People* v. *Williams*, 35 Cal. 672. There is no doubt but that the rule is correctly laid down in that case, but there is no similarity between that case and the one at bar. In the case of *The People* v. *Williams* the offense is stated thus: "The defendant did unlawfully steal, take, and carry away from the mining claim of the mining company fifty-two pounds of gold-bearing quartz rock," and as a quartz claim is real estate, the books very properly say that there is some doubt as to whether the defendant severed the rock from the ledge at the time of the theft, or whether the rock was severed on a previous occasion; and giving him the benefit of the doubt, the indictment was held bad. The indictment in the case at bar charged the property stolen to be "a quantity of specimens of gold and silver ores, of one hundred and fifty pounds in weight."

It is not charged to have been taken from any ledge or mining claim, and by no forced construction can it be made to appear that the property stolen, as stated in the indictment, savors of the realty.

The word specimen has a meaning well understood, particularly in this mining country. When we speak of specimens of quartz, it is as fully understood here what is meant as if you should speak of a horse. Webster defines the word thus: "A part or small portion of anything; a sample; a cabinet of minerals consists of specimens."

According to the above definitions, as well as the common acceptations of the word, we have no hesitation in holding that the indictment is good, and that the demurrer and motion in arrest were properly overruled.

The judgment of the district court is affirmed.