WALTER POTTER v. THE STATE.

1. An indictment charging theft of "one certain trunk or chest containing various articles of clothing, jewelry," etc., is bad, for uncertainty in description of the property stolen.

2. The words "trunk" and "chest" are not synonymous, and the indictment being in the alternative is bad for want of certainty.

APPEAL from Cameron. Tried below before the Hon. Wm. H. Russell.

Potter was indicted and convicted upon an indictment charging "that Walter Potter * * on the twenty-fifth day of December, 1872, in the county aforesaid, did then and there feloniously, willfully and fraudulently take, steal and carry away from the house of one Teofila Chares, then and there situated, and from the possession of her the said Teofila Chares, one certain trunk or chest, containing various articles of clothing, jewelry," etc., "of the value of $20, without the consent," etc.

*Wm. A. Blackburn*, for appellant.

*Wm. Alexander, Attorney-General*, for appellee.

WALKER, J.—The charge in this case is theft from a house, and the indictment sets forth the larceny of a trunk or chest containing various articles of clothing, jewelry, etc., of the value of $20. There is a difference in common parlance between the words chest and trunk, and although there may be a similarity between the articles thus named in their uses and purposes, yet there is an actual difference between the two articles. This indictment, then, is in the alternative and is bad. The trunk or chest is described as containing various articles of clothing, jewelry, etc., of the value of $20. We are of opinion this indictment is bad for uncertainty. There should be a more definite description of the property alleged to have been stolen. It is true the main ingredient of this offense under the statute appears to be that the larceny is from a house, and the stealing of any property from a house completes the offense; but the property so alleged to have been stolen should be plainly and distinctly described in the indictment. The judgment of the District Court is reversed and the cause remanded.

REVERSED AND REMANDED.

A motion was made to reform and dismiss.

WALKER, J.—The motion to reform the judgment in this case is overruled.