McADOW, appellant, *v.* BLACK ET AL., respondents.

CONVEYANCES, by power of attorney, though not under seal, nor acknowledged or recorded, if executed according to instructions and ratified, will bind parties thereto and third parties with notice.

Powers of attorney to be judged by same rule as deeds.

Equitable rights ascertained without compliance with statute.

Sections 203 and 1163, 5th Div. Gen. Laws (Rev. Stat. 1879),[1] construed.

It was error in court below to reject testimony of plaintiff of a mortgage executed by power of attorney, because the same was not under seal, and acknowledged and recorded as required by section 203, Revised Statutes, coupled with offer to prove that the mortgage was executed according to instructions and ratified, and that defendants had full knowledge of these facts before purchase.

Section 203 must be construed in connection with section 1163 of Revised Statutes. Powers of attorney must be construed by same rule as applies to deeds. No seal necessary to either. As between parties thereto, and third parties with notice, a deed is good without acknowledgment or record. *Taylor* v. *Holter*, 1 Mont. 712.

Whatever will validate a mortgage between the parties will validate it as to third parties with notice. Actual notice is as effectual as the constructive notice of record.

An execution creditor with notice takes the property subject to any lien or equity that might be enforced against the judgment debtor.

Compliance with requirements of statute is necessary to give legal validity to the signature of an attorney in fact, but the equitable rights may be ascertained without such compliance.

*Appeal from First District, Gallatin County.*

H. N. BLAKE and SANDERS & CULLEN, for respondents.

1. The complaint alleges that Black, "by and through his *duly authorized* agent and attorney in fact, Z. H. Daniels," executed and delivered a certain promissory note; that Black, "by and through his *duly authorized* agent and attorney in fact, Z. H. Daniels," executed and delivered, "under his hand and seal," the mortgage sued on; that "said mortgage was duly acknowledged and certified so as to entitle it to be recorded," and that Story has some interest or lien which is subject to the lien of said mortgage. Transcript, pp. 17, 18, 20.

The answer of Story denies these allegations. McAdow obtained a judgment against Black for the amount of said note, but the court below held that said mortgage was not a lien upon the real estate described in said mortgage and owned by Story.

2. The words "duly authorized," as used in the complaint, have a certain legal meaning. According to Webster, "duly" signifies in a due, fit or becoming manner, and properly and regularly. An attorney in fact is a person to whom the authority of another, the constituent, is by him lawfully delegated. Bouv. Law Dict. "Attorney" and "Authority;" Webster's Dictionary, "Duly."

3. The testimony sought to be introduced by McAdow tended to prove that a letter had been written by Black to Daniels directing him, "as one of his attorneys in fact," to execute said note and mortgage. The letter was not produced. This testimony was properly excluded.

*A.* It did not support the allegations of the complaint that Daniels was the duly authorized agent and attorney in fact of Black. The *allegata* and *probata* must correspond.

*B.* The statutes of Montana regulate the conveyance of real property, and define clearly the only mode by which Black could confer upon Daniels the authority to execute said mortgage. As against Story, the letter was insufficient and incompetent evidence. Revised Statutes, 5th Division, secs. 178, 180, 181, 200, 203–208.

Sec. 203, page 442, defines a power of attorney, and is decisive of this appeal.

Sec. 212 defines the term "conveyance" as used in sec. 203 and other sections.

4. A mortgage lien upon real estate can be created only by an instrument in writing executed with the formalities required in case of a grant of real property. The mortgage being under seal, the authority of Daniels

should have been conferred by an instrument under seal. *Porter* v. *Muller*, 53 Cal. 667; *Videau* v. *Griffin*, 21 Cal. 389; *Maus* v. *Worthing*, 3 Scam. 26; *Hanford* v. *McNair*, 9 Wend. 54; *Blood* v. *Goodrich*, 9 Wend. 68; 1 Jones on Mortgages, sec. 129 and cases cited; 1 Story on Equity, sec. 96 and cases cited; 2 Kent Com. 614 and cases cited; Story on Agency, secs. 47, 49 and cases cited.

5. The mortgage was not notice to Story. There was no power of attorney from Black to Daniels on record in Gallatin county, Montana, and an instrument, to constitute notice, must be in the chain of title. Errors in a deed vitiate the record. An instrument which is not recordable under the statute is not notice to Story. R. S. p. 442, secs. 200, 201; Wade on Notice, secs. 97–99, 137, 138, 158–160, 174, 175, 204–206, and cases cited.

6. A mortgage defectively executed, whether recorded or not, vests no title in the mortgagee as against subsequent purchasers or judgment creditors. *White* v. *Denman*, 16 Ohio, 60; *Johnston* v. *Haines*, 2 Ohio, 55; *Van Thorniley* v. *Peters*, 26 Ohio St. 471.

7. The mortgage and testimony refer to Daniels as one of the attorneys in fact of Black. Every presumption is against the pleader, and it appears that Black had more than one attorney in fact when Daniels executed the mortgage. If such were the fact, all the attorneys should join in the conveyance, and the act of Daniels was void. Story on Agency, sec. 42.

8. Appellant does not seek relief from the informal execution of the mortgage, or the defective power of attorney to Daniels from Black. The complaint contains no allegation under which the letter to Daniels becomes competent.

9. The act of Daniels in executing said mortgage was not ratified by Black by an instrument under seal, and such ratification was necessary to give validity to the mortgage and render competent the testimony of Daniels. Story on Agency, sec. 242.

E. W. & J. K. Toole, for appellant.

In answering the points made by respondent, we will consider them in the order in which they are presented.

1st. We take it that the allegation of the complaint, that the mortgage which is alleged to have been executed "by and through the duly authorized agent and attorney in fact," will be supported and satisfied by proof of such authority or power as would be good and valid as against Story, a creditor and purchaser with notice.

The offer was, to show that a letter signed by Black was executed to Daniels, directing him to execute the mortgage in suit, and that he obtained the money mentioned in it and executed the same accordingly; that Story was afterwards a judgment creditor and purchased with notice of these facts.

Upon this point we contend that the authorities cited in the original brief of appellants clearly show the law in such case to be: 1st. That if there was no fraud in fact in the execution of the mortgage, whether the authority to do so was oral or in writing, a creditor or purchaser (especially with notice) could not avail himself of the provisions of the statute of frauds, which in this case was purely a personal privilege of Black. 2d. That the letter of attorney directing the execution of the mortgage, signed by Black, the principal, was all that is required, and was sufficient to defeat the operation of the statute, if it had been pleaded by Black, and could have been enforced against him. Hence we say that the decisions of the courts upholding such a power must be construed as satisfying the demands of the statute as to the due authorization of the agent or attorney. See authorities cited in appellant's original brief under —— subdivisions.

2d. If respondent was in a situation to take advantage of the infirmity pointed out by his counsel, and it was fatal, the decisions referred to would not have been made. For further reply, see fourth subdivision of this brief.

3d. It will be seen from the bill of exceptions in the record referred to that the offer was to prove that the letter of attorney directed Daniels to execute the mortgage in question, not Daniels and some one else. We place no reliance in the power executed to Black and Daniels, but stand upon the letter of attorney with reference to the particular transaction involved in this controversy.

That the *allegata* and *probata* must correspond we do not dispute; that is, there must be no fatal variance. If, as we contend, the allegation "that the mortgage was executed by a duly authorized agent or attorney" is satisfied by the proof offered, then there is no fatal variance, and the allegation is supported by the proof in the sense used in secs. 110 and 112, Code of Civil Procedure. Respondent did not claim to be misled, but, as will be seen hereafter, by his own motion occasioned what he now complains of as error.

The sections of the statute referred to by respondent under this head are confined to instruments which are entitled to be recorded, so as to protect against purchasers for value, advanced by reason of constructive notice. This has been too often so decided by this court and other courts to be longer an open question. If we are correct, that article 2, entitled "Conveyances of realty," is applicable to constructive notice, under what is commonly known as the "Recording Act," then section 212, cited by counsel, is limited to that article, and does not apply to article 1, entitled "Of void and fraudulent conveyances and contracts," under which we claim the validity of the letter of attorney and competency of the evidence in reference to it depend.

It will be seen that each particular section of the article last mentioned, intended for the protection of creditors, expressly provides when the transaction shall be void as to them. They are always cases of fraud or constructive fraud — *i. e.*, fraud in fact or fraud in law. The cases in

which *bona fide* purchasers not creditors are to be protected are pointed out with equal particularity. And the cases wherein the transaction is simply void for want of formality at the option of either of the parties, when he is, notwithstanding, under a moral obligation, are equally defined under the statute. Under the well defined rules, the latter is for the benefit and protection of the parties to the transaction, and no one else can assert it for him. See authorities under —— subdivision, original brief.

We invite the attention of the court especially to the three classes of cases to which the statute is applicable.

1st. When the transaction is void as to creditors, for whose protection it is intended and who can invoke its protection.

2d. When the transaction is defined to be a *bona fide* purchase, when they are entitled to shield themselves on account of it.

3d. When it applies to the parties to the contract, when neither is seeking to take the advantage of it, and each has a superior equity to enforce the contract than a creditor has to defeat its enforcement.

4th. As to the former part, or first proposition announced under this subdivision of respondent's brief, it is only applicable to conveyances entitled to be recorded and to which we have already referred. As to the latter portion of the proposition, it has no application to the case at bar. It is undoubtedly correct as a general proposition at common law.

But we have a statute that dispenses with the requisites of a seal, and renders the authorities cited inapplicable. See Codified Laws, p. 894, sec. 1163. This law was passed February 3, 1876, and has been in force ever since. If, then, there was a letter of attorney to Daniels directing him to execute this mortgage, and it was signed by Black, no ratification was required. The authorities cited by respondent on this point are inapplicable.

5th. We are unable to see what figure the record notice

cuts in this case. Actual notice is charged, and this was sought to be proven. The appellant claims nothing on account of any constructive notice imparted by the record. It would be idle to cite authorities to show that as against a judgment creditor or purchaser with actual notice of an antecedent equity, that their purchase or claim will be deferred to such equity.

6th. Section 171, General Laws, provides that such letter of attorney may be subscribed by a lawful agent; and section 160 only requires that there should be authority in writing, signed by Black, directing its execution, and this is what was sought to be established.

Whatever may be the statute of the state of Ohio upon that subject, ours is plain and unambiguous. Article 2 of our statute has been construed to apply to the recordation of such instruments. It has been held in several cases in this court, and such is undoubtedly the law, that the acknowledgment is no part of the conveyance, and that it can be enforced between the parties without any; and that where such is the case, a subsequent purchaser or incumbrancer with notice of such condition of things stands precisely in the shoes of his grantor. But above all, the records show that Story was a judgment creditor and purchaser under his judgment. And sec. ――――, Code of Civil Procedure, expressly provides that he shall only acquire by such purchase whatever interest the judgment debtor had. See *Chumasero* v. *Viall, supra;* 2 Estes, 605, 606; 12 Nev. 393; *Haupes* v. *Schultz,* Ill. (1878); *Brown* v. *Child,* 10 Pet. (U. S.) 209; *Brown* v. *Welch,* 18 Ill. 346.

It amounts only to a quitclaim of Black's title. See 12 Wall. 323; 3 How. 333; 11 Wall. 217; *Chumasero* v. *Viall,* 3 Mont. 376, and authorities cited in original brief, subdivisions 2, 3 and 4.

The acknowledgment, then, not being essential to the validity of the power of attorney, and the requirements of a seal being abolished, the letter authorizing Daniels

individually, as his attorney, to execute this mortgage, being signed by Black, is all that was required.

7th. The proposition announced under this heading of respondent's brief, in so far as it applies, refers to the necessity of all the parties holding the power joining in the execution of it. But it has no application whatever to the case at bar. The averment and evidence offered was to show that Daniels, individually and alone, and not jointly with some else, was authorized to and did execute the mortgage in suit.

8th. Respondent claims that appellant should have set up the equitable claim, if he has any, against Story. The records show that this was done, and that it was on his motion stricken from the original pleading. It is now too late for him on that account to complain of an error, if any it be, which he himself has occasioned. See original pleadings, Record, pp. 1 to 16 inclusive. The last point made by respondent has been heretofore fully answered.

Black comes in and admits the allegations of plaintiff's complaint, recognizes the acts of his attorney, was under a moral and legal obligation to carry out the contract, and Story cannot defeat him in doing so. See authorities cited under fourth subdivision of the original brief of appellants. If we are correct that, upon Black's answer admitting the facts set up, and his refusal to take advantage of the statute of frauds, this would place it beyond Story's reach to do so, appellants are entitled to judgment of foreclosure, and the court below should have so directed.

WADE, C. J. This is an appeal by plaintiff from a judgment in favor of defendants in an action to foreclose a mortgage executed by the defendant Black, by one Z. H. Daniels, his attorney in fact, to the plaintiff, to secure the payment of a certain promissory note for $1,386.12, due in sixty-seven days from date, and dated April 23, 1878.

The defendant Story denies the validity of the mortgage, alleging that the attorney in fact who executed the same was not legally authorized so to do, and claims title by virtue of a purchase by him at sheriff's sale upon a judgment subsequent to the mortgage, and also by virtue of a conveyance from Black, the mortgagor, to the defendant Toole, and Toole to Story, which conveyances were subsequent to the mortgage.

The principal question presented by this appeal relates to the authority of the attorney in fact to execute the mortgage aforesaid. If he was not legally authorized, the judgment creditor takes the property free from the mortgage. If he was legally authorized, the property is subject to the prior lien of the mortgage.

For the purpose of showing the authority of Daniels to borrow of the plaintiff the money in the complaint mentioned, and the direction in writing signed by Black to execute the mortgage as his attorney in fact, and that he did so borrow the money and execute the mortgage upon a letter of instructions to him so to do, and after having accounted for the loss of said written instructions, the plaintiff sought to prove the contents of the writing, which was objected to for the reason that it was not shown to comply with the requirements of section 203 of the Revised Statutes of the territory, concerning conveyances of real estate, which objection was sustained. The plaintiff also offered to show that any and all rights of Story were acquired with a full knowledge of all the facts contained in the letter of instructions as well as of the execution of the note and mortgage of Daniels in pursuance of the same. But the court held the testimony incompetent for the reason that it did not comply with the requirements of section 203 aforesaid, and the same was excluded. The note and mortgage were excluded for the same reason, and bills of exception were properly saved.

Sections 2 and 3 (p. 442, Rev. Stat.) of the statute upon

which the objection to the testimony was based provides as follows: "Every power of attorney or other instrument in writing, containing the power to convey any real estate as agent or attorney for the owner thereof, or to execute, as agent or attorney for another, any conveyance, whereby any real estate is conveyed or may be affected, shall be acknowledged or proved, and certified and recorded as other conveyances, whereby any real estate is conveyed or affected, are required to be acknowledged or proved, and certified and recorded." This section was enacted January 12, 1872, and must be construed in connection with section 1163 of the Revised Statutes, enacted February 3, 1876, which provides as follows: "All conveyances and instruments hereafter executed, which by the common law or the statutes of this territory are required to be executed under seal, shall be as effectual without such seal, to all intents and purposes whatsoever, as if the same had a seal attached thereto, and the same shall be interpreted as if the same were sealed." Therefore a power of attorney without a seal is just as effectual for any purpose as if executed under seal, and we are required to interpret a power of attorney drawn under section 203 as if under seal, whether such be the fact or not. This section 1163 abrogates the common law in this territory as to seals, and renders seals unnecessary to deeds or powers of attorney. A seal adds nothing to a deed. It adds nothing to the authority or efficacy of a power of attorney. If an attorney in fact, being authorized by a power of attorney, not under seal, should attach a seal to the deed executed in pursuance thereof, the fact would be wholly immaterial. He would not thereby do an unauthorized act, but an unnecessary one, without meaning. The fact of a seal in such a case would not affect the deed or his authority. There is no force in the argument that the power of attorney must be under seal, if the deed executed in pursuance thereof is under seal, when the seal has no meaning, and is not

necessary to the validity of either instrument. It follows, therefore, that the power of attorney authorizing the attorney in fact to execute the mortgage in question was not rendered invalid because not under seal.

Neither was it necessary that the power of attorney should have been certified, acknowledged and recorded to have made it good as between the mortgagor and mortgagee, in the mortgage executed in pursuance thereof. The mortgage in question might have been enforced against Black, the mortgagor named therein. He could not have attacked the power of attorney because not acknowledged or recorded. In the case of *Taylor* v. *Holter*, 1 Mont. 712, this court held that "the acknowledgment to a deed is no part of the deed, and, as between the parties to the instrument, a deed is good without acknowledgment, the acknowledgment and record being for the protection of third parties."

The same rule would apply to powers of attorney. The acknowledgment and record being for the protection of third persons, that is, for the purposes of notice, it follows that, if third persons have actual notice, a deed or power of attorney not acknowledged or recorded would be good as to them in equity. If, then, this mortgage might have been enforced by McAdow, the mortgagee, against Black, the mortgagor, it can be enforced against Story, with full notice and knowledge of the rights and equities of McAdow. If the acts of the attorney in fact, in borrowing the money and in executing the mortgage, had been ratified by Black, by his receiving the money and recognizing the mortgage, then it was a good mortgage as to him. He could not receive the money by virtue of the mortgage, and at the same time deny its validity. He could not ratify the acts of his attorney in borrowing the money for him, and repudiate his authority to execute the mortgage by virtue of which he received the money. And if Story had knowledge of the acts of the attorney in borrowing and receiving

the money, and of his execution of the note and mortgage, and of the fact that he was acting in the premises in pursuance of a power of attorney from his principal, and of the ratification of his acts by his principal in receiving the money and in recognizing the mortgage, such knowledge would charge him with notice of the lien and equities of McAdow, and would validate the mortgage as to him, and any title thereafter acquired by him would be subject to such lien and equities.  And we may say, generally, that anything that will validate a mortgage as between the parties will also render the same valid as to third persons with notice.

The testimony offered and excluded tended to show that Story had knowledge of all the facts necessary to make the mortgage good and valid in equity as between the mortgagor and mortgagee.  Proof of such knowledge would have made the mortgage good as to Story.  The knowledge and notice that this testimony tended to prove that Story was in possession of was as effectual as the constructive notice of a record, and as to him and as to Black, the mortgagor, rendered the power of attorney effectual and gave it efficacy without certificate, acknowledgment or record, and made the mortgage executed in pursuance thereof valid in equity as to both.  A person may be charged with notice of equitable as well as legal rights.  He may be charged with notice of an equitable as well as a legal mortgage.  If he has knowledge of such a state of facts as makes a defectively executed mortgage good as between the parties, then it is good as to him.  If Story had such knowledge, then he stood in no position to attack the validity of the power of attorney to Daniels.  Before any rights of Story had attached, knowledge on his part of such a state of facts as would protect the mortgage against Black, the mortgagor, would protect it against him.

An execution creditor with notice takes the property subject to any lien or equity that might be enforced

against the judgment debtor. Therefore, if Story had actual knowledge and notice of the mortgage and of the rights and equities of McAdow as against Black, then his judgment and title obtained thereby, or any subsequently acquired title, would be subject to such mortgage.

Section 203 of the statutes, which requires every power of attorney or other instrument in writing to be acknowledged, certified and recorded, is a statutory provision that must be complied with in order to give legal validity to the signature of an attorney in fact, notwithstanding, as in this case, the equitable rights of the parties may be ascertained and adjudged without such compliance.

Judgment reversed and cause remanded for a new trial.

*Judgment reversed.*