[Department One. — January 16, 1883.]

# B. T. WILLIAMS, RESPONDENT, *v.* A. P. MORE, APPELLANT.

ATTORNEYS AT LAW — PARTNERSHIP — EMPLOYMENT. — The employment of one member of a firm of attorneys is ordinarily an employment of the firm, and the client is not affected by an understanding between the partners, without his assent or knowledge, that each should act and receive compensation separately in the particular business to which the employment relates.

APPEAL from a judgment of the Superior Court of the county of Ventura, and from an order refusing a new trial.

*Flournoy, Mhoon & Flournoy*, and *Brunson & Wells*, for Appellant.

*J. Homer*, and *W. T. Williams*, for Respondent.

PER CURIAM. — At least a portion of the professional services for which a recovery in this case was had were rendered while the plaintiff was a law partner of W. T. Williams. He was such a partner when the contract of the 1st of March, 1879, was entered into. Ordinarily, when one member of a firm is employed the firm is employed, and the employer is entitled to the services of all the members of the firm. The understanding between the partners in this case, that, as respects the particular cases in which the services in question were rendered, each partner was to act as an individual, and charge and receive compensation therefor as an individual, certainly cannot affect the defendant in the absence of his knowledge of and assent to such arrangement. Such knowledge and assent are not shown in this case. As the case is now presented, when More employed the plaintiff he employed the firm of which plaintiff was a member, and when More paid one member of that firm for services rendered by the firm, he paid both members of it for those services.

Judgment and order reversed, and cause remanded for a new trial.