[In Bank.—July 23, 1883.]

## THE PEOPLE, RESPONDENT, *v.* GEORGE N. STANFORD, APPELLANT.

64   27
a129 692

64   27
130  684

CRIMINAL LAW—LARCENY—SUFFICIENCY OF INFORMATION.—The larceny charged was stealing a hog. The information alleged that the property stolen was "a certain hog, said hog being the property and chattel of one Albert Long." *Held*, sufficient.

ID.—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—The hog alleged to have been stolen by the defendant was found in his possession, and the main controversy at the trial was whether his possession was criminal or innocent under an honest belief of ownership. The prosecution introduced testimony showing that the defendant had changed the ear marks of the hog for the purpose of destroying its identity. Defendant showed that he had, prior to the trial, and with witnesses, called upon the prosecuting witness who had possession of the hog, for the purpose of examining it, but was refused; and at the trial asked to have the hog produced at his expense, but was refused. After his conviction, defendant moved for a new trial upon the ground of newly discovered evidence, and supported his motion by the affidavits of several persons who had inspected the ear marks, and found that they had not been changed. *Held*, that a new trial should have been granted.

APPEAL from a judgment of the Superior Court of Shasta County, and from an order refusing a new trial.

The information alleged that the property stolen was "a certain hog, said hog being then and there the property and chattel of one Albert Long." It was contended by defendant that the indictment should have stated the color, kind, name, weight, mark, or . brand, or some kind of description by which the property could be identified.

The remaining facts are stated in the opinion of the court.

*A. C. Furguson,* for Appellant.

*Attorney-General Marshall,* for Respondent.

Ross, J.—Justice demands a new trial of this case. The defendant was charged by information with the larceny of a certain hog. That the hog was in defendant's possession was not denied by him, and the cases, hows that the main controversy on the trial was whether his possession was criminal, or whether it was an innocent possession maintained under ·an honest belief of ownership in himself. For the purpose of showing that the former was the case the prosecution introduced · testimony tending to show that former ear marks of the hog had been changed and were then of a certain description. The purpose of this testimony was, of course, to show that the defendant had attempted to conceal the identity of the hog, and thus to establish a guilty circumstance. From the affidavits filed in support of a motion for a new trial it appears, that after the arrest of the defendant on the charge in question, and before the trial, he went, with two other persons whom he desired as witnesses, to the premises of the prosecuting witness where the hog was, for the purpose of seeing it and examining the ear marks, and that the prosecuting witness refused to permit defendant or his witnesses to make the desired inspection. The bill of exceptions recites that upon the closing of the case on the part of the prosecution, the defendant asked that the hog be produced that the jury might see that the witnesses for the prosecution had not testified truly with respect to the marks, and offered to send for it at his own expense and to deposit double the value of the hog as security for its safe return; but both the prosecuting witness and the court refused to accede to the proposition, and the offer was refused. It appears, further,

from the affidavits, that immediately after the trial, which resulted in the conviction of the defendant, several persons (each of whom makes affidavit of the fact) went to the premises of the prosecuting witness for the purpose of inspecting the subject of the alleged larceny, and were then permitted to do so, and that the hog was not marked as testified on the part of the prosecution, but was marked as represented by the defendant. The case mainly turned upon the question of marks, and under such circumstances, to permit the prosecution to withhold from the defendant the means of making counter-proof until after his conviction, and then to open the door to him, but to say, when he comes with affidavits of third persons tending to show the testimony given on the part of the prosecution at the trial was untrue, "You are too late; you did not use due diligence," would be gross injustice. The point to which the affidavits go was a material point in the trial of the case. The defendant was precluded by the attitude assumed by the prosecution from inquiring into the facts in relation to the matter until after he was convicted, and upon the most obvious principles of right and justice he ought to be allowed an opportunity to present his testimony thus subsequently discovered upon the point in question.

The information we think sufficient. (*People* v. *Salazar*, 6 Pac. C. L. J. 569.)

Judgment and order reversed, and cause remanded for a new trial.

SHARPSTEIN, J., McKEE, J., McKINSTRY, J., and THORNTON, J., concurred.