# PEOPLE v. MACHADO.

## Cr. No. 669; December 18, 1900.

### 63 Pac. 66.

**Larceny.—An Indictment Sufficiently Describes the Stolen** property as "one cow, the same being the property then and there of H."

**Criminal Law—Reasonable Doubt—Instructions.—In a Criminal** Case, Refusal to charge that the jury have a right to consider that innocent men have been convicted, and to consider the danger of

convicting an innocent man in weighing the evidence whether there is reasonable doubt as to his guilt, is proper.

Larceny.—In a Prosecution for Larceny of a Cow a Witness had testified to finding on the premises of accused a "slunk" calf—that is, one that had been taken from its mother—and that it had been taken from the stolen cow, to which no objection nor motion to strike out was made. Held, that a question asking for the appearance of the calf as to when it had been taken from its mother, and his answer giving the facts on which·his conclusion was based, were not objectionable as assuming that the calf had been taken from "a" cow., not "the" cow—that is, from the stolen cow.

Larceny.—Where a Witness in a Prosecution for the Larceny of a cow had testified in reference to a hide found on the premises of accused, but had not testified that any part of a brand on it was indistinguishable, a question, on cross-examination, asking what part of the brand was indistinguishable, was properly excluded.

Larceny.—A Question to a Witness, "Now, When You Went to the butcher-shop or slaughter-house for the first time, you didn't go in?" was properly excluded for uncertainty, as it could not be understood whether it referred to the butcher-shop or the slaughter-house.

Larceny.—Where, in a Prosecution for the Larceny of a Cow, a witness testified, without objection, to the finding of the carcasses of two calves in a certain locality, a question calling for their condition, and the answer to the effect that they were very much decomposed, which was favorable to accused as showing that they could not have come from the stolen cow, were properly admitted.

Larceny.—Admission of Testimony as to Statements of a Third Person to one accused of a crime, though not accompanied with proof of the conduct of accused, was not error, where accused did not move to strike it out.

Larceny.—In a Larceny Prosecution, a Witness Testifying that the stolen property belonged to one person cannot be impeached by showing that in .another case he had testified that it belonged to another.

Criminal Law.—A Question of One Witness as to Declarations of another, who was not himself questioned in relation thereto, was properly stricken out.

APPEAL from Superior Court, San Luis Obispo County; E. P. Unangst, Judge.

John Machado was convicted of grand larceny and he appeals.   Affirmed.

Grave & Graves for appellant; Attorney General Ford for respondent.

SMITH, C.—The defendant was indicted with another for the crime of grand larceny. The property stolen is described as "one cow, the same being the property then and there of Hathaway and Branch," etc. The indictment was demurred to on the ground of the insufficiency of this description. The description, I think, was sufficiently certain: 12 Ency. Pl. & Pr., pp. 977, 983 et seq.; People v. Littlefield, 5 Cal. 355, affirmed in People v. Ah Woo, 28 Cal. 211; People v. Stanford, 64 Cal. 27, 28 Pac. 106.

It is claimed the court erred in refusing to give the following instruction: "The jury have a right to consider that innocent men have been convicted, and to consider the danger of convicting an innocent man in weighing the evidence to determine whether there is reasonable doubt as to defendant's guilt." The instruction is substantially similar to an instruction refused in People v. Durrant, 116 Cal. 185, 222, 48 Pac. 75, and comes within the ruling in that case.

Objections were made to numerous rulings of the court on the evidence, but none of them are well taken. The witness Avila had testified, without objection, as to finding on the premises of defendant what he called "a 'slunk' calf—that is, a calf that had been taken from the cow"—and was asked, "What was the appearance of the calf, when you saw it, as to when it had been taken from the cow?" The question, and also the answer, which simply gave the facts on which the witness' conclusion was based, were proper. It may be added that the objection was that the question assumed that the calf "had been taken from 'a' cow"; not "taken from 'the' cow"—i. e., from "the stolen cow," as stated in the brief. The witness had testified some time before that the calf was taken from the stolen cow, giving his reasons; but no objection was made, nor was there any motion to strike out. The question to Avila, referring to the brand on the hide found on defendant's premises, and asking, in effect, which part of it was indistinguishable, was properly excluded. The witness had not testified that any part of it was indistinguishable. So, also, the question, "Now, when you went to the butcher-shop or slaughter-house for the first time, you didn't go in?" was properly excluded for uncertainty; i. e., because it could not be understood whether it referred to the butcher-shop or the slaughter-house. The rulings of the court with reference to the testimony of the witness Cook were also unobjec-

tionable. There was no objection to his testimony that he had found the carcasses of two calves in the creek south of the slaughter-house. That evidence had been given without objection. The objection was to the question, "What was the condition of those two carcasses?" and the answer, which was that "they were very much decomposed," was favorable to the defendant as showing that they could not have come from the stolen cow. Nor was it error to allow the question as to what was said by Martinez to the defendant on the occasion referred to in the question. The rule is that such evidence is proper, but must be accompanied with proof of the conduct of the accused, in default of which it may be stricken out: People v. Chin Hane, 108 Cal. 597, 41 Pac. 697; People v. Mallon, 103 Cal. 513, 37 Pac. 512. The prosecution did not offer the additional proof, but there was no motion to strike out. Indeed, the answer could not have had any influence on the minds of the jury, and, if erroneous, would have been harmless. The questions asked this witness with a view of impeaching him were inadmissible. Most of them seem to have been designed to bring out the fact that in a criminal complaint made by the witness against one Espinoza he had sworn that the cow in question was the property of Avila. But the witness had not testified otherwise in this case. The evidence was clearly inadmissible. The court did not err in striking out the testimony of Silvers as to declarations of Avila. Avila had not been questioned as to such declaration. The same statement was afterward repeated by the witness without objection on the part of the prosecution. The question of the prosecution to the same witness, objected to by defendant, was not improper in cross-examination, and the answer could not possibly have affected the result one way or the other. I advise that the judgment be affirmed.

We concur: Haynes, C.; Gray, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.